UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PATRICIA BAKER**<br>118 S. 21ST STREET<br>PHILADELPHIA, PA 19103<br><br>v.<br><br>**JASON SNEAD**<br>27 N. CANNON DRIVE<br>WILMINGOTN, DE 19809<br>&.<br>**AMAZON LOGISTICS, INC.**<br>410 TERRY AVENUE NORTH<br>SEATTLE, WA 98109<br>&.<br>**JOHN DOE**<br>410 TERRY AVENUE NORTH<br>SEATTLE, WA 98109 | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

## **COMPLAINT- CIVIL ACTION**

This is a civil action and this Court has jurisdiction under 28 U.S.C. §1332 diversity of citizenship and the amount in controversy is in excess of seventy five thousand dollars ($75,000.00).

## **PARTIES**

1. Plaintiff, Patricia Baker (hereinafter referred to as "Plaintiff") is a citizen and resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2. Defendant, Jason Snead (hereinafter referred to as "Defendant Snead"), is a citizen and resident of the State of Delaware residing at the address listed in the caption of this Complaint;

2

at all times material hereto Defendant Snead was in the act of delivering Amazon packages, as an Amazon Flex delivery driver, and at all times material hereto was acting in the course and scope of his employment of, and/or was under the control of, defendant Amazon.com, Inc., Amazon Logistics, Inc., and/or Defendant John Doe.

3. Defendant, Amazon Logistics, Inc. (hereinafter referred to as "Defendant Amazon Logistics"), is a business entity that with a business address listed in the caption of this Complaint; at all times material hereto Defendant Amazon Logistics was acting by and through their agents, servants, franchisees, workmen, contractors, subcontractors, licensees, and/or employees; and at all times material hereto employed, directed and/or controlled Defendant Snead and permitted, allowed and/or enabled Defendant Snead to operate as an Amazon Flex delivery driver.

4. Defendant, John Doe, is an individual and/or business entity whose actual name is unknown to Plaintiff after having conducted a reasonable search with due diligence which at all times material hereto was the person and/or entity responsible for and/or who permitted Defendant Snead to operate as an Amazon Flex delivery driver and deliver Amazon packages at the time of the accident at issue in this matter that occurred on or about February 23, 2020; the John Doe designation is averred to be fictitious.

**FACTS**

5. On or about February 23, 2020, Plaintiff was a pedestrian walking within the southwest crosswalk at the intersection of 20th street and JFK Boulevard in the City and County of Philadelphia, in the Commonwealth of Pennsylvania.

6. At the same date and time and location Defendant Snead, in the course and scope of his job as an Amazon Flex delivery driver, and under the direction and/or control of Defendant Amazon Logistics and/or Defendant John Doe, and for the purpose and furtherance of Defendant

3

Amazon Logistics and/or Defendant John Doe's interests, activities, affairs, and/or business, operated a motor vehicle (hereinafter referred to as "Defendant's Vehicle") on 20th Street at or near the intersection with JFK Boulevard in the City and County of Philadelphia, in the Commonwealth of Pennsylvania.

7. Suddenly and without warning, Defendant Snead, negligently and/or carelessly operated Defendant's Vehicle in such a manner as to make a left hand turn from 20th Street onto JFK Boulevard violently striking Plaintiff as she was crossing JFK Boulevard, with the right of way, in the crosswalk (hereinafter referred to as the "Collision").

8. The Collision was solely due to the negligence and/or carelessness of the Defendants jointly and or severally.

9. Plaintiff in no way contributed to the happening of the Collision.

10. As a direct result of the Collision, Plaintiff suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: left humerus fracture, left anterior acetabulum fracture, left posterior tibial plateau fracture, left proximal tibial fracture, left superior pubic ramus fracture, left sacral fracture, left inferior pubuc ramus fracture, loss of blood, medial thigh hematoma, right gluteal tendon enthsopathy, and any other ills and/or injuries, all to Plaintiff's great loss and detriment.

11. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

4

12. As an additional result of the Collision, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

13. As a further result of the Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

14. Furthermore, in addition to all the injuries and losses suffered by the Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §1701, et. seq., as amended, and/or Worker's Compensation Benefits pursuant to Act 57, and for which plaintiff makes a claim for payment in the present action.

## COUNT I
## Patricia Baker v. Jason Snead
### Personal Injury

15. Plaintiff incorporates herein the allegations set forth in the aforementioned paragraphs, inclusive, as if set forth here at length.

16. The negligence and/or carelessness of defendant, acting individually and/or by and through defendant's agents, servants, workmen, employers and/or employees, consisted of the following:

   a. Operating Defendant's Vehicle in a negligent and/or careless manner without regard for the rights or safety of Plaintiff or others;

   b. Failing to have Defendant's Vehicle under proper and adequate control;

5

c. Failing to observe the position of Plaintiff and to take such action as was necessary to prevent the Collision;

d. Failing to operate Defendant's Vehicle at a speed which would allow defendant to avoid the Collision;

e. Operating Defendant's Vehicle at a dangerous and excessive rate of speed under the circumstances;

f. Being inattentive to defendant's duties as an operator of the motor vehicle;

g. Disregarding traffic lanes, patterns and other devices;

h. Failing to keep an adequate distance from other motor vehicles in the vicinity;

i. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

j. Failing to give Plaintiff meaningful warning signs concerning the impending Collision;

k. Failing to exercise ordinary care to avoid injuring Plaintiff;

l. Failing to be highly vigilant and maintain sufficient control of Defendant's Vehicle;

m. Causing the Collision;

n. Operating the motor vehicle with disregard for the rights, safety and proximity of Plaintiff, even though defendant was aware, or should have been aware of Plaintiff's presence and the threat of harm posed to Plaintiff;

o. Failing to inspect Defendant's Vehicle and/or to maintain the motor vehicle in a safe and non-defective condition; and

6

    p. Allowing a dangerous, unsafe and defective motor vehicle to be operated on a public highway.

**WHEREFORE**, Plaintiff demands judgment in Plaintiff's favor and against defendant in an amount in excess of One Hundred and Fifty Thousand ($150,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.

## COUNT II
### Patricia Baker v. Amazon Logistics, Inc.
### Respondeat Superior

17. Plaintiff incorporates all herein the allegations set forth in the aforementioned paragraphs as if set forth here at length.

18. Defendant is vicariously responsible for the acts and/or omissions of its agents, servants, workmen, employees and/or ostensible agents, including Defendant Snead, under the doctrine of respondeat superior.

19. Defendant Amazon Logistics had a duty, by and through its agents, servants, workmen, employees and/or ostensible agents, including Defendant Snead, to ensure that while in the course and scope of employment for Defendant Amazon Logistics and/or under the direction and/or control of Defendant Amazon Logistics, and/or while in the course and scope of delivering Amazon packages, said deliveries were made in a safe and non-negligent manner to avoid causing bodily injury to others.

20. In direct breach of this duty, Defendant Amazon Logistics, by and through its agents, servants, workmen, employees, and/or ostensible agents, and Defendant Snead, was negligent and/or careless in the following ways:

7

a. Operating Defendant's Vehicle in a negligent and/or careless manner without regard for the rights or safety of Plaintiff or others;

b. Failing to have Defendant's Vehicle under proper and adequate control;

c. Failing to observe the position of Plaintiff and to take such action as was necessary to prevent the Collision;

d. Failing to operate Defendant's Vehicle at a speed which would allow defendant to avoid the Collision;

e. Operating Defendant's Vehicle at a dangerous and excessive rate of speed under the circumstances;

f. Being inattentive to defendant's duties as an operator of the motor vehicle;

g. Disregarding traffic lanes, patterns and other devices;

h. Failing to keep an adequate distance from other motor vehicles in the vicinity;

i. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

j. Failing to give Plaintiff meaningful warning signs concerning the impending Collision;

k. Failing to exercise ordinary care to avoid injuring Plaintiff;

l. Failing to be highly vigilant and maintain sufficient control of Defendant's Vehicle;

m. Causing the Collision;

n. Operating the motor vehicle with disregard for the rights, safety and proximity of Plaintiff, even though defendant was aware, or should have been aware of Plaintiff's presence and the threat of harm posed to Plaintiff;

8

    o. Failing to inspect Defendant's Vehicle and/or to maintain the motor vehicle in a safe and non-defective condition; and

    p. Allowing a dangerous, unsafe and defective motor vehicle to be operated on a public highway.

**WHEREFORE**, Plaintiff demands judgment in Plaintiff's favor and against defendant in an amount in excess of One Hundred and Fifty Thousand ($150,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.

## COUNT III
### Patricia Baker v. Amazon Logistics, Inc.
### Negligent Entrustment

21. Plaintiff incorporates all herein the allegations set forth in the aforementioned paragraphs as if set forth here at length.

22. The negligence and/or carelessness of Defendant Amazon Logistics consisted of the following:

    a. Negligently allowing Defendant Snead to deliver Amazon packages as an Amazon Flex delivery driver when Defendant Amazon Logistics knew or should have known Defendant Snead as having a propensity for negligent operation of a motor vehicle due to a medical diagnosis that impacts Defendant Snead's reaction time when operating a motor vehicle;

    b. Negligently allowing Defendant Snead to deliver Amazon packages as an Amazon Flex delivery driver when Defendant Amazon Logistics knew or should have known Defendant Snead as being inadequately experienced,

9

      unqualified, untrained, and/or inadequately trained to perform the requisite activities of Defendant Snead's duties due to a medical diagnosis that impacts Defendant Snead's reaction time when operating a motor vehicle.

  c. Failing to properly and adequately monitor the performance of Defendant Snead while performing the requisite duties while delivering Amazon packages for Amazon Flex when Defendant Amazon Logistics knew or should have known that Defendant Snead suffered from a medical condition that impacts his reaction time while operating a motor vehicle.

**WHEREFORE**, Plaintiff demands judgment in Plaintiff's favor and against defendant in an amount in excess of One Hundred and Fifty Thousand ($150,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.

**COUNT IV**
**Patricia Baker v. John Doe.**
**Personal Injury**

23.    Plaintiff incorporates herein the allegations set forth in the aforementioned paragraphs, inclusive, as if set forth here at length.

24.    The negligence and/or carelessness of defendant, acting individually and/or by and through defendant's agents, servants, workmen and/or employees, consisted of the following:

  a. Operating Defendant's Vehicle in a negligent and/or careless manner without regard for the rights or safety of Plaintiff or others;

  b. Failing to have Defendant's Vehicle under proper and adequate control;

10

c. Failing to observe the position of Plaintiff and to take such action as was necessary to prevent the Collision;

d. Failing to operate Defendant's Vehicle at a speed which would allow defendant to avoid the Collision;

e. Operating Defendant's Vehicle at a dangerous and excessive rate of speed under the circumstances;

f. Being inattentive to defendant's duties as an operator of the motor vehicle;

g. Disregarding traffic lanes, patterns and other devices;

h. Failing to keep an adequate distance from other motor vehicles in the vicinity;

i. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

j. Failing to give Plaintiff meaningful warning signs concerning the impending Collision;

k. Failing to exercise ordinary care to avoid injuring Plaintiff;

l. Failing to be highly vigilant and maintain sufficient control of Defendant's Vehicle;

m. Causing the Collision;

n. Operating the motor vehicle with disregard for the rights, safety and proximity of Plaintiff, even though defendant was aware, or should have been aware of Plaintiff's presence and the threat of harm posed to Plaintiff;

o. Failing to inspect Defendant's Vehicle and/or to maintain the motor vehicle in a safe and non-defective condition; and

11

    p. Allowing a dangerous, unsafe and defective motor vehicle to be operated on a public highway.

**WHEREFORE**, Plaintiff demands judgment in Plaintiff's favor and against defendant in an amount in excess of One Hundred and Fifty Thousand ($150,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.

**COUNT V**
**Patricia Baker v. John Doe.**
<u>**Respondeat Superior**</u>

25.    Plaintiff incorporates all herein the allegations set forth in the aforementioned paragraphs as if set forth here at length.

26.    Defendant is vicariously responsible for the acts and/or omissions of its agents, servants, workmen, employees and/or ostensible agents, including Defendant Snead, under the doctrine of respondeat superior.

27.    Defendant John Doe had a duty, by and through its agents, servants, workmen, employees and/or ostensible agents, including Defendant Snead, to ensure that, while in the course and scope of employment for Defendant John Doe and/or under the direction and/or control of Defendant John Doe, and/or while in the course and scope of delivering Amazon packages, said deliveries were made in a safe and non-negligent manner to avoid causing bodily injury to others.

28.    In direct breach of this duty, Defendant John Doe, by and through its agents, servants, workmen, employees, and/or ostensible agents, and Defendant Snead, was negligent and/or careless in the following ways:

a. Operating Defendant's Vehicle in a negligent and/or careless manner without regard for the rights or safety of Plaintiff or others;

b. Failing to have Defendant's Vehicle under proper and adequate control;

c. Failing to observe the position of Plaintiff and to take such action as was necessary to prevent the Collision;

d. Failing to operate Defendant's Vehicle at a speed which would allow defendant to avoid the Collision;

e. Operating Defendant's Vehicle at a dangerous and excessive rate of speed under the circumstances;

f. Being inattentive to defendant's duties as an operator of the motor vehicle;

g. Disregarding traffic lanes, patterns and other devices;

h. Failing to keep an adequate distance from other motor vehicles in the vicinity;

i. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

j. Failing to give Plaintiff meaningful warning signs concerning the impending Collision;

k. Failing to exercise ordinary care to avoid injuring Plaintiff;

l. Failing to be highly vigilant and maintain sufficient control of Defendant's Vehicle;

m. Causing the Collision;

n. Operating the motor vehicle with disregard for the rights, safety and proximity of Plaintiff, even though defendant was aware, or should have been aware of Plaintiff's presence and the threat of harm posed to Plaintiff;

o. Failing to inspect Defendant's Vehicle and/or to maintain the motor vehicle in a safe and non-defective condition; and

13

p. Allowing a dangerous, unsafe and defective motor vehicle to be operated on a public highway.

**WHEREFORE**, Plaintiff demands judgment in Plaintiff's favor and against defendant in an amount in excess of One Hundred and Fifty Thousand ($150,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.

## COUNT VI
### Patricia Baker v. Amazon Logistics, Inc.
### Negligent Entrustment

29. Plaintiff incorporates all herein the allegations set forth in the aforementioned paragraphs as if set forth here at length.

30. The negligence and/or carelessness of Defendant John Doe consisted of the following:

    d. Negligently allowing Defendant Snead to deliver Amazon packages as an Amazon Flex delivery driver when Defendant John Doe knew or should have known Defendant Snead as having a propensity for negligent operation of a motor vehicle due to a medical diagnosis that impacts Defendant Snead's reaction time when operating a motor vehicle;

    e. Negligently allowing Defendant Snead to deliver Amazon packages as an Amazon Flex delivery driver when Defendant John Doe knew or should have known Defendant Snead as being inadequately experienced, unqualified, untrained, and/or inadequately trained to perform the requisite

14

      activities of Defendant Snead's duties due to a medical diagnosis that impacts Defendant Snead's reaction time when operating a motor vehicle.

f.  Failing to properly and adequately monitor the performance of Defendant Snead while performing the requisite duties while delivering Amazon packages for Amazon Flex when Defendant John Doe knew or should have known that Defendant Snead suffered from a medical condition that impacts his reaction time while operating a motor vehicle.

**WHEREFORE**, Plaintiff demands judgment in Plaintiff's favor and against defendant in an amount in excess of One Hundred and Fifty Thousand ($150,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.

 

**LAW OFFICES OF CRAIG A. ALTMAN, P.C.**

/s/ Eli S. Levine

_____

**ELI S. LEVINE, ESQUIRE**

## **VERIFICATION**

I am the PLAINTIFF in this action and verify that the statements made in the foregoing pleading are true and correct to the best of my knowledge, information and belief and I understand that the statement made therein are subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

DATE: 2/22/2022                                              *Patricia M. Baker* (signature)